# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| BLUE ASH AUTO BODY, INC., | : | Case No. 1:20-cv-393 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | : | |
| Defendant. | : | |

## ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANT

This civil case is before the Court on Defendant State Farm Mutual Automobile Insurance Company ("State Farm")'s motion for summary judgment and supplemental memorandum (Docs. 15, 16), and Plaintiff Blue Ash Auto Body, Inc. ("Blue Ash")'s memorandum in opposition (Doc. 17).[1]

## I. BACKGROUND

In anticipation of motion practice, the parties filed a joint stipulation of facts. (Doc. 13.) Accordingly, the undisputed facts as stipulated by the parties are as follows:

Blue Ash provides auto body shop related services to customers irrespective of whether the customers have insurance of their own, a claim against an insured at-fault party, or no insurance whatsoever. (*Id*. at ¶ 1.) Blue Ash performed body shop services

---

[1] The Court appreciates State Farm's willingness to not present additional papers and forego a repetitive reply brief when State Farm found there was nothing meaningful it could present to the Court on reply that it had not already presented in its opening brief. (Doc. 19).

to approximately 97 customers with insurance policies issued by State Farm (the "Customers"). (*Id*. at ¶¶ 2–3.)

When performing work for the Customers, Blue Ash obtained an "Assignment of Proceeds" from each Customer. (*Id*. at ¶ 5.) The relevant section of this document provides the following:

> In exchange for excusing me from making full payment for repairs to my Vehicle and/or releasing a possessory lien that [Blue Ash] has or may have the right to assert, I hereby assign any claim and/or proceeds that have accrued or may accrue under my insurance contract or that I may have and/or be entitled to obtain from the person at-fault in the accident relating to for the amount [Blue Ash], in the exercise of professional judgment, deemed necessary and proper to repair my Vehicle . . ..

(*Id*.) Blue Ash contends this assignment allows it to collect from State Farm the reasonable costs of repairs that exceeded the amount State Farm agreed to pay on behalf of the Customers. (*Id*. at ¶¶ 6–7.)

State Farm's policy with the Customers also includes relevant language. It includes an assignment provision that states: "No assignment of benefits or other transfer of rights is binding upon *us* unless approved by *us*." (*Id*. at ¶ 10 (emphasis in original).) The policy language also includes various provisions requiring Customers to cooperate with State Farm, mandating State Farm be involved with determining the reasonable cost of repairs and who may make such repairs, and prohibiting changes of interest unless State Farm consents in writing. (*Id*. at ¶¶ 8–12.) None of the Customers requested or received consent from State Farm to assign rights under the policies. (*Id*. at ¶ 13.)

2

Blue Ash alleges the reasonable cost of repairs exceeded the amount State Farm agreed to pay for the Customers' vehicles. (*Id*. at ¶ 4.) To recover these amounts, Blue Ash asserts two causes of action against State Farm: for breach of contract (Count I), pursuant to the Assignment of Proceeds signed by the Customers, and unjust enrichment (Count II). State Farms moves for summary judgment on both counts.

## II.  STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

## III. ANALYSIS

### A.     Breach of Contract (Count I)

The dispositive question on Blue Ash's first cause of action is the following: Under Ohio law,[2] is Blue Ash able to recover amounts from State Farm for work performed for the Customers when the Customers executed an assignment of proceeds to Blue Ash without State Farm's consent? The Court answers no.

The Supreme Court of Ohio has "'long held that an insurance policy is a contract between the insurer and the insured.'" *Pilkington N. Am., Inc. v. Travelers Cas. & Sur. Co.*, 861 N.E.2d 121, 126 (Ohio 2006) (quoting *Ohayon v. Safeco Ins. Co. of Illinois*, 747 N.E.2d 206 (Ohio 2001)). The Court "should not disturb the plain language of such a contract when the intent of the parties is evident." *Id.* (citing *Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd.*, 597 N.E.2d 1096 (Ohio 1992)).

When assigning contracts, "[i]t is long-standing tradition in the common law that all contract rights may be assigned except under three conditions." *Id.* at 128.

> First, if there is clear contractual language prohibiting assignment, an assignment will not be enforced. Second, an assignment must not materially change the duty of the obligor, materially increase the insurer's burden or risk under the contract, materially impair the insurer's chance of securing a return on performance, or materially reduce the contract's value. Third, the assignment will not be valid if it is forbidden by statute or by public policy.

*Id.* (cleaned up).

---

[2] The parties do not argue or discuss choice of law. Both apply Ohio law, which the Court considers the parties acquiescing to Ohio law. *See Asp v. Toshiba Am. Consumer Prods., LLC*, 616 F. Supp. 2d 721, 726 (S.D. Ohio 2008) ("When parties acquiesce to the application of a particular state's law, courts need not address choice of law questions.").

The undisputed facts indicate that the State Farm policy clearly prohibited assignments of rights under the insurance policy unless State Farm consented in writing. (Doc. 13 at ¶ 10.) The Customers did not seek nor did the Customers receive consent from State Farm to assign rights under the contract to Blue Ash. (*Id*. at ¶ 13.)

Blue Ash argues that the anti-assignment provisions do not apply because the Supreme Court of Ohio's decision in *Pilkington* held that "[t]he chose in action (the right to bring an action) as to the duty to indemnify is unaffected by the anti-assignment provision when the covered loss has already occurred." *Pilkington*, 861 N.E.2d at 129.

The Court disagrees with Blue Ash's reading of *Pilkington*. *Pilkington* considered whether an insurer of a commercial general liability policy was required to indemnify and defend a predecessor company's successor-in-interest for occurrences arising under the predecessor company. *Id*. at 124–25. Answering certified questions of law from the Northern District of Ohio, the Supreme Court of Ohio held that, under that policy, the insurer was required to indemnify the successor-in-interest for environmental damages occurring under the predecessor company. *Id*. at 126–29. Even in the face of an anti-assignment provision, requiring the insurer to indemnify was appropriate because the losses were already fixed and established at the time of the occurrence. *Id*.

The gist of the Supreme Court's holding was that the insurance company should indemnify the successor-in-interest because its obligation to pay for the predecessor company's damages arose when the conduct occurred. However, important to the decision was that requiring the insurance company to indemnify for that past, already-defined loss would not materially change the burden or risk imposed on the insurer.

5

This is recognized by then-Chief Justice Moyer and now-Chief Justice O'Connor's concurrence, noting the same holding could not be reached for the insurer's duty to defend. *Id*. at 132.  For the duty to indemnify, the insurer would pay one, fixed loss regardless if under the predecessor company or the successor-in-interest.  For the duty to defend, however, the insurer may be faced with the dual-cost of defending both the predecessor and successor-in-interest.  *Id*.  This double duty could materially change the insurer's obligations under the policy and materially increase the risk to the insurer.  *Id*.  Thus, the anti-assignment provision should apply.  *Id*.

After *Pilkington*, the Supreme Court of Ohio decided another instructive case: *W. Broad Chiropractic v. Am. Family Ins.*, 912 N.E.2d 1093, 1097 (Ohio 2009).  There, an individual assigned future settlement proceeds to be collected by her insurer from the at-fault party to her healthcare provider.  *Id*. at 1095.  The Court found the assignment invalid because "[a] person may not assign the right to the future proceeds of a settlement if the right to the proceeds does not exist at the time of the assignment."  *Id*. at 1098.

When considering the policy reasons for finding the assignment invalid, the Court opined that in a similar situation, under such an assignment of proceeds, the "third-party insurer lacks the ability to dispute the amount or reasonableness of the charges."  *Id*. at 1097.  Similarly, "[u]pholding the legality of such assignments opens the door for other creditors to seek debt protection through assignments: the pharmacy, *the automobile repair shop*, other medical providers."  *Id*. (emphasis added).

Other Ohio state court decisions are persuasive.  *See, e.g., Three-C Body Shops, Inc. v. Nationwide Mut. Fire Ins. Co.*, 81 N.E.3d 499, 507 (Ohio Ct. App. Apr. 20, 2017),

*appeal not allowed by* 81 N.E.3d 499 (Ohio 2017) (assignment of proceeds to body shop invalid under *West Broad*); *Mercedes-Benz of W. Chester v. Am. Family Ins.*, 2010 WL 2029048, at *6 (Ohio Ct. App. May 24, 2010), *appeal not allowed by* 935 N.E.2d 45 (Ohio 2010) ("Having found that the anti-assignment clause is valid under *Pilkington* and comports with public policy according to *West Broad*, the clause invalidates the insureds' attempt to assign their contractual rights to [the auto repair shop].").

In this case, all three *Pilkington* conditions apply, and Blue Ash cannot, as a matter of law, bind State Farm to the Assignments of Proceeds to which it was not a party. 861 N.E.2d 128. First, the assignment is in direct contradiction to the anti-assignment provision. Second, allowing Blue Ash to collect from State Farm materially changes State Farm's obligations under the policy with the Customers. Third, the assignment is against public policy – State Farm would have no means, as the third-party insurer, to dispute the amount or reasonableness of Blue Ash's charges.

Accordingly, State Farm is entitled to judgment as a matter of law on Blue Ash's breach of contract claim.

### B. Unjust Enrichment (Count II)

To establish unjust enrichment under Ohio law, Blue Ash must demonstrate: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment ('unjust enrichment')." *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (1984).

7

Blue Ash contends that the repairs to the Customers' covered vehicles is a benefit to State Farm and State Farm's obligation to the Customers under the insurance policy. Blue Ash argues State Farm knew it was receiving this benefit and it would be unjust for State Farm to retain the benefit. The Court disagrees.

Blue Ash's auto-body work was for the sole benefit of the Customers. Blue Ash "performed no work for [State Farm]." *Three-C*, 81 N.E.3d at 506. Blue Ash "voluntarily entered into repair contracts" and voluntarily released the Customers' vehicles before receiving what it perceived as full and reasonable payment from the Customers (or State Farm). *Blue Ash Autobody, Inc. v. Progressive Cas. Ins. Co.*, 2011-Ohio-5785, 2011 WL 5444201, at *3 (Ohio Ct. App. November 10, 2011). Blue Ash's claim that the benefit to the Customer benefitted State Farm is "too indirect to constitute a benefit conferred" for the purposes of unjust enrichment. *Three-C*, 81 N.E.3d at 506.

Accordingly, even considering the facts in light most favorable to Blue Ash, Blue Ash cannot as a matter of law establish that State Farm was unjustly enriched. State Farm is entitled to summary judgment on this claim.

## IV. CONCLUSION

Based upon the foregoing, State Farm's motion for summary judgment (Doc. 15) is **GRANTED**. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date: 3/10/2021

*s/Timothy S. Black*
Timothy S. Black
United States District Judge

8